## H. L. STONE & CO. v. JAMES G. TAYLOR.

The owners of a coasting vessel, resident at New Orleans, brought suit in this State against the master of the vessel, to terminate his agency, recover possession of the vessel, and for an account of its earnings, &c. The defendant pleaded in reconvention, and prayed judgment for his wages as master, and also for his expenditures on behalf of the vessel, and filed an account of them, comprising a multitude of small items, with his suppletory oath to the correctness of the account: *Held* that, in causes of this character, the utmost liberality consistent with the rules of law and the nature of the proceeding will be indulged in the admission of evidence to establish such demands. Such cases are exceptions to the general rule of the common law testing the admissibility of evidence.

In such cases the courts require the best evidence of which the matter in hand, in view of its nature and the ordinary transactions of life, may be susceptible.

But no rule, however liberal, will permit a party to rely on his memory alone to preserve the specifications of an account composed of numerous items, differing in kind, amounts, dates, &c.

The defendant, having filed under his suppletory oath an account of the nature above indicated, was allowed by the court below to put it in evidence, without direct proof of its correctness, and without the production of any book of accounts or memoranda of the items as they accrued: *Held*, that the account was erroneously admitted in evidence, notwithstanding the suppletory oath and evidence of the good character of the defendant for prudence and economy.

ERROR from Calhoun. Tried below before the Hon. Fielding Jones.

H. L. Stone and J. A. Roberts, composing the firm of H. L. Stone & Co., of New Orleans, instituted this suit against the appellee in the District Court of Calhoun county, on the 18th of January, 1855.

Their original and amended petitions alleged their ownership of the schooner "Washington," and charged the defendant with the wrongful detention of the vessel, as her master or captain, and with his failure and refusal to account for the earnings of the vessel. Having also made appropriate averments and sworn to the petition, they obtained a writ of sequestration, under which the vessel was seized.

Besides other defences, the defendant pleaded in reconvention, claiming his wages as master for some nine months, and also his expenditures in navigating the schooner, which had been engaged in the coasting trade between New Orleans and Indianola, and intermediate points.  He filed an account of the expenditures, which covered some eight pages of foolscap, composed of items of very diverse kinds, amounts, dates, &c., being outlays for repairs, ship dues, wages, supplies, medicines, and payments to various parties of "bills," &c.  To this account he made the suppletory oath.

The case came to trial at the Spring Term, 1856, when the plaintiffs had judgment for the vessel, and the defendant judgment against the plaintiffs for $720.

On plaintiffs' motion, a new trial was granted, and was had at the Spring Term, 1857, when the defendant obtained a verdict for $441 50.

Plaintiffs again moved for a new trial, but their motion was overruled.

The other facts appear sufficiently in the opinion.

*F. S. Stockdale*, for plaintiff in error.

MOORE, J.—In such suits as the present, from the necessity of the case, the utmost liberality consistent with the rules of law and the nature of the proceeding, will be indulged in favor of the admissibility of evidence.  In the adjustment of accounts between parties, in cases like this, it is obvious that many items cannot, ordinarily, be established with entire certainty by the evidence of disinterested witnesses.  If there were no exception to the general rule of the common law, in this particular, there would often be a failure of testimony.  From the insignificance of many of the transactions, they would have passed from the memory of those who alone could be called upon to establish them; and, if this were not the case, owing to the distant localities to which resort must be had to procure the evidence, the expense of establishing them would greatly exceed the amount of such items.  We are of the opinion that such cases as the present, from the very nature of things, are not within the general rule prescribed by the common law for testing the admissibility of testimony.  The ex-

ceptions to the rule, whether the proceeding is in a court of law, equity or admiralty, are as well established as the rule itself. The courts require, in such cases, the best evidence of which the matter in hand, in view of the ordinary transactions in life, may be susceptible. The appellee, however, did not, in our opinion, bring himself within the liberal exception to the general rule. He did not offer to introduce the ship books, in which we must suppose the original entry of his account was made; or, if there were no such books in which 'the different items of his account were preserved, there must have been in his possession some original memorandum of them, made as the different items of the account accrued, which should have been presented for the inspection of the opposite party, and for the consideration of the jury, that they might be better able to determine as to the genuineness of the different items of the account. Nor did the appellee even attempt to show that the account offered in evidence was a copy of the original entries made as the several items accrued. It cannot be said as an excuse for his failure to do so that no cotemporaneous charges of the items of the account had been preserved. No rule, however liberal, will permit a party to rely upon his memory, to preserve the different specifications of such accounts as that claimed by appellee in this case. There was a failure to show, to the extent which it might easily and reasonably have been done, that the items of the account were such as are usual and customary in the business in which the appellee was engaged. And while witnesses were examined to show that he was prudent and careful in the management of the vessel under his command, and incurred no unnecessary expense, yet the account upon which he relies was not presented for the inspection of a single witness, and there was no attempt to prove the various items of the account, which we must suppose might readily and easily have been done.

In view of all these circumstances, we are of the opinion that the account offered in evidence by the appellee, although supported by his suppletory oath, should not have been received.

The judgment is reversed and the cause remanded.

Reversed and remanded.