# DECEMBER 1903.

---

INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY ET AL. V. A. G. STARTZ.

No. 1254.     Decided December 3, 1903.

**1.—Evidence—Hearsay—Trial by Court.**
    Evidence as to weight and prices of cattle sold on the St. Louis market considered, and held so indefinite and unsatisfactory as to preclude the assumption that the court, trying the case without a jury and improperly admitting hearsay evidence (accounts sales) of such weights and prices, did not consider such hearsay, but based his findings on the evidence proper to be considered. (P. 171.)

**2—Carriers—Connecting Lines.**
    A railway shipping cattle under a contract limiting its liability to its own line, and denying partnership with the connecting lines completing the transit to destination, can not be held liable for damages not shown to have been caused on its road. (Pp. 171, 172.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Comal County.

Startz sued the International & Great Northern Railway Company, and others, and obtained judgment, which was affirmed on appeal by defendants, who thereupon obtained writ of error.

*S. R. Fisher* and *J. H. Tallichet,* for plaintiff in error.—Plaintiff's testimony with reference to the weight of his cattle on their arrival at East St. Louis, his knowledge being wholly derived from accounts sales mailed to him from said place, was clearly hearsay, and therefore inad-

missible. Gulf C. & S. F. Ry. Co. v. Baugh, 42 S. W. Rep., 245; Gulf C. & S. F. Ry. Co. v. Frost, 34 S. W. Rep., 167; Railway Co. v. Johnson, 7 S. W. Rep., 838.

The account sales offered and admitted in evidence over the objection and exception of all of the defendants, purporting to show the number of head of cattle sold for plaintiff, with the weights of same, the rate at which they were sold, and the gross and net sums realized therefor, were clearly inadmissible, because they were mere hearsay, purporting to give the mere ex parte statements of the person from whom they purport to have been received; because they were not verified or established as true by the testimony of such persons in person or by deposition; and because no opportunity to cross-examine had been afforded. Same authorities.

This case was tried before the court without a jury, and, if it were a fact that hearsay or other incompetent evidence was admitted without objection, still the presumption would be that the same was not considered by the court; and if, after excluding and disregarding such incompetent and illegal evidence, there is not sufficient legal and competent evidence to authorize and support the judgment, the same can not stand. Moore v. Kennedy, 81 Texas, 147; Melton v. Cobb, 21 Texas, 543; Roach v. Crum, 41 S. W. Rep., 86; D'Arrigo v. Texas, etc., Co., 31 S. W. Rep., 715; Wright v. U. S. Mortgage Co., 42 S. W. Rep., 791.

The court erred in its first finding of fact in finding that plaintiff delivered his cattle to the International & Great Northern Railroad Company, to be delivered to plaintiff at East St. Louis, Ill., because the contracts under which plaintiff's cattle were shipped distinctly stipulated for carriage over its own line only, and for delivery to the next connecting carrier, and to protect the through rate of freight. Houston Direct Nav. Co. v. Insurance Co., 89 Texas, 1; Mo. Pac. Ry. Co. v. Sherwood, 84 Texas, 134; State v. Gulf C. & S. F. Ry. Co., 44 S. W. Rep., 541; Gulf C. & S. F. Ry. Co. v. Crossman, 11 Texas Civ. App., 622; Railway Co. v. Avery, 33 S. W. Rep., 704; Elliott on Railroads, sec. 1549.

The court erred in rendering judgment against all the defendants for the entire damage assessed, because the same was unauthorized and unsupported by the pleadings and the evidence. W. U. Telegraph Co. v. Smith, 88 Texas, 9; Hurd v. Texas Brewing Co., 21 Texas Civ. App., 296; Hunter v. Southern P. Ry. Co., 76 Texas, 195.

The shipment of stock was an interstate shipment. The special contracts under the terms of which it was transported provided that each carrier handling the same should be liable to plaintiff only for damages, if any, occurring on its own line, and plaintiff's agents and employes accompanied and had charge of said stock in transit. The court erred, therefore, as above indicated, in rendering judgment against each of the defendants for the whole amount of the damages found against them all.

The action of the court in rendering judgment against each of the defendants for the whole amount of the damages awarded can not be

justified on the ground that defendants were partners, because plaintiff's- allegation of such partnership was denied under oath, and because there was no evidence of such alleged partnership. Rev. Stats., art. 1265; Hayden Saddlery Hardware Co. v. Ramsay, 14 Texas Civ. App., 185.

The court erred in its sixth finding of fact in finding that the defendants had failed to furnish evidence upon which the court could apportion the loss or damage among the defendants—the law not requiring it, and not devolving upon the defendants the burden, under contracts such as the ones under which plaintiff's cattle were shipped, and where plaintiff, or his servants, accompanied the same, of showing where the loss or damage occurred and the extent to which each carrier was responsible, such burden resting upon plaintiff. Elliott on Railroads, sec. 1549, and cases there cited. That the provision above quoted is valid: Gulf C. & S. F. Ry. Co. v. Crossman, 11 Texas Civ. App., 622; Railway Co. v. Avery, 33 S. W. Rep., 704; Houston D. N. Co. v. Insurance Co., 89 Texas, 1; State v. Gulf C. & S. F. Ry. Co., 44 S. W. Rep., 542; Missouri P. Ry. Co. v. Sherwood, 84 Texas, 134; Gen. Laws 1899, p. 214; Texas & P. Ry. Co. v. Cushney, 64 S. W. Rep., 795; Gulf C. & S. F. Ry. Co. v. Cushney, 95 Texas, 309.

The Court of Civil Appeals erred in its conclusions of law, there being no law authorizing or justifying the rendition of a joint judgment or a joint and several judgment upon the pleadings and facts of this case. The proof and the findings of fact by the trial judge distinctly disclosed that some of the damage occurred on each of the lines over which the cattle were carried, and the judgment, joint and several, against each defendant, for all the damage sustained on all, was without authority of law and directly against the Act of May 20, 1899, General Laws 1899, page 214. Texas & P. Ry. Co. v. Cushney, 64 S. W. Rep., 795; Gulf C. & S. F. Ry. Co. v. Cushney, 95 Texas, 309.

*J. D. Guinn,* for defendant in error.—Although the account sales may not have been admissible, still, if there was competent evidence upon which to base the court's verdict and judgment, this court would have no jurisdiction to disturb same, at least we would understand that this court will only revise or interfere in cases where there was no testimony on the subject, and it will not indulge in speculations as to whether the trial court considered this testimony, or that same may have influenced the trial court in its verdict, and that there was competent evidence upon which to base the verdict is beyond doubt. Rev. Stats., art. 331a, Laws of 1899, p. 214; International & G. N. Ry. Co. v. Dimmit County Pasture Co., 5 Texas Civ. App., 186; Daniel v. Harvin, 10 Texas Civ. App., 430; Railway Co. v. Daggett, 87 Texas, 323; Gulf C. & S. F. Ry. Co. v. Edloff, 89 Texas, 457.

Under the statutes, if one road is either the agent or partner of a connecting line in one continuous shipment, each line is liable for the acts of the other of such roads as are in Texas, and in this case the In-

ternational & Great Northern and Texas Pacific, at least, are in Texas. Rev. Stats., art. 331a; Laws of 1899, p. 214; Railway Co. v. Ryan, 2 Willson C. C., 431; Galveston H. & S. A. Ry. Co. v. Van Winkle, 3 Willson C. C., 443; Railway Co. v. Grant, 6 Texas Civ. App., 674.

The legal effect of the judgment rendered is to apportion the damages among the defendants equally, that is, if either paid the judgment, the others could be made to contribute one-third each, provided the effect of the defendant's pleadings raises the issue against each other with sufficient certainty to have a legal adjudication of that matter between them. If it does not, then with plaintiff's allegation before them to the effect that he could not determine the proportion, defendants would, under the authority of the Edloff case, be liable in turn for the whole of the loss, with the right reserved among themselves to adjust the proportion. Same authorities.

The testimony shows acts of negligence on each of the roads in transit, without any earthly means of plaintiff giving the proportion, as shown by both the pleadings and the evidence, and in such event we consider, under authority of the Edloff case, 89 Texas, 458, a prima facie case is made against the Iron Mountain for the full amount, and in order to escape liability in whole or in part, it devolved upon it to show some part, and what part, occurred on another line, and it would seem that the same can be said of the Texas Pacific Company and the International & Great Northern Railroad Company. Gulf C. & S. F. Ry. Co. v. Edloff, 34 S. W. Rep., 410; Gulf C. & S. F. Ry. Co. v. Edloff, 89 Texas, 454; Gulf C. & S. F. Ry. Co. v. Patteson, 24 S. W. Rep., 349; Gulf C. & S. F. Ry. Co. v. Eddins, 7 Texas Civ. App., 116.

WILLIAMS, ASSOCIATE JUSTICE.—This action was begun by defendant in error against the International & Great Northern Railroad Company, the Texas & Pacific Railway Company and the St. Louis, Iron Mountain & Southern Railway Company to recover damages for injuries to cattle shipped over the lines of defendant from New Braunfels, Texas, to East St. Louis, Ill. The petition alleged, that, in the carriage of the cattle, defendants were copartners and each the agent of the others. The International & Great Northern Railroad Company denied, under oath, this allegation, but neither of the other defendants did so. The cattle were received by the International & Great Northern Railroad Company at New Braunfels, under a written contract agreeing to carry them from that point to Longview, its terminus, stating the destination to be East St. Louis, and relieving it from liability for injuries which might occur on any other line. Neither of the other carriers was mentioned in the contract, and no contract or other undertaking of theirs is shown—except such as arose from their transportation of the cattle. The District Court rendered judgment against all of the defendants, jointly and severally, for $2000, the whole amount of the damage sustained by the cattle in transit, the judge finding that part of the injury was caused by the first carrier and part of it by the others, but that the

evidence did not enable him to determine what part of the whole was caused by either.

During the trial plaintiff offered in evidence accounts sales rendered to him by his commission merchants, giving the weights of the cattle when sold, the prices received, and other facts which need not be stated, and these were admitted over the objection of defendants that they were hearsay. This objection was, we think, well taken and should have been sustained. The papers contained only the ex parte statements of a third party which was clearly hearsay. Counsel for defendant in error does not contend otherwise, but insists that there was other competent evidence to support the judgment, and that, as the case was tried before the judge, the admission of incompetent evidence is not ground for reversal. The rule of practice asserted in this contention is correct, but we are unable to apply it to this case, for the reason that it is by no means clear that the judgment is supported by other competent evidence. The plaintiff's chief complaint was that, by reason of delay and improper treatment in shipment, the cattle lost weight and therefore did not sell for as much as they ought to have brought in the market. The evidence is sufficient to show what the cattle, if properly handled and promptly carried to market, ought to have weighed, but when we come to inquire what they did weigh, the evidence, outside the accounts sales, is very unsatisfactory. Plaintiff, himself, states that he learned through a telegram that the weight per head was about 180 pounds less than it should have been, but this telegram was itself hearsay and incompetent and, besides, its contents were not stated. Pfeuffer testified that he saw some of the cattle weighed and heard the weigher call out some of the weights but does not state the weights called out. His testimony as a whole leaves it in doubt whether he had independent knowledge of the actual weight of the cattle or not. The meaning of his statements as they are written in the record is not clear. The rule of practice assumes that the judge hearing all of the evidence has distinguished between the competent and incompetent, and that, where the former is clearly sufficient to support the judgment, he acted upon it rather than the latter. But in this case the hearsay evidence furnishes the only definite basis in the record for a judgment, and as the trial judge ruled that it was admissible, we do not think it a fair presumption that he disregarded it and based his judgment upon such uncertain evidence as otherwise appears. It was in plaintiff's power to prove the facts stated in the accounts sales by competent evidence and thus have furnished, as he should have done, definite data by which to estimate his damage.

We are also of the opinion that the court erred in giving judgment against the International & Great Northern Railroad Company for the damage inflicted by the other defendants. Its plea met the allegations of partnership and agency and they were not sustained by any evidence. It was not, therefore, jointly liable under a contract like that in evidence for damages caused by other carriers. The other defendants are

not, perhaps, in a situation to complain of this feature of the judgment, but, as the case is reversed upon the ground first noticed, further examination of this is unnecessary. The rules for determining the liabilities of the several carriers are given in former decisions. Gulf C. & S. F. Railway. Co. v. Edloff, 89 Texas, 458; Gulf C. & S. F. Railway Co. v. Cushney, 95 Texas, 309.

*Reversed and remanded.*