FORT WORTH AND RIO GRANDE RAILWAY COMPANY ET AL. V. C. M.
CAUBLE.

Decided January 13, 1906.

**1.—Account Sales—Hearsay Testimony.**

In a suit for damages to a shipment of cattle the following interrogatory was propounded to the salesman who sold said cattle at Kansas City: "Please make and attach to your answers a true and correct copy of the account of sales showing the number of cattle sold; to whom sold; the price for which they were sold; their weight and total receipts, and mark in some way for identification, stating the same is true and correct." To which he answered: "I have attached to my answers a true and correct copy of the account sales showing the data requested. I will sign my name in full across account sales so that I may be able to identify it." He was then asked: "If you weighed said cattle, give their weights." He answered: "Cattle were weighed by the Kansas City Stock Yards Company, disinterested parties. Account sales will show their weights." Held, the account sales should have been excluded as hearsay.

**2.—Sales of Cattle—Evidence—Stock Journal.**

Where a stock journal of the date on which plaintiff's cattle were sold was admitted in evidence and contained an account of cattle sold on that day, giving weights and prices, but did not indicate with any certainty that plaintiff's cattle were included in said sales, the admission in evidence of said journal did not render harmless the admission of hearsay testimony.

Appeal from the County Court of Shackelford County. Tried below before Hon. J. M. Chism.

*C. H. Yoakum* and *A. A. Clarke,* for appellants.—An account of sales made to a consignor of goods by his consignee is res inter alias acta, and is mere hearsay as to the carrier in a suit by the consignor against the carrier. International & G. N. Ry. Co. v. Startz, 8 Texas Ct. Rep., 615 (Sup. Ct.); Texas & Pac. Ry. v. Birdwell, 12 Texas Ct. Rep., 931 (4th Dist.), see conclusion of opinion on rehearing on p. 933; Texas & Pac. Ry. v. Leggett, 12 Texas Ct. Rep., 919, cited in the opinion on rehearing in the Birdwell case above cited; Bonedin v. Atlantic Rice Mills Co., 12 Texas Ct. Rep., 834.

*Thomas L. Blanton,* for appellee.—Where an account of sales rendered the owner by the selling agent is introduced in connection with such agent's personal testimony, and such agent testifies that he personally sold the cattle, and that such account shows the true and correct weights of same, their number, to whom sold and the price received by him for same, such account is admissible. Texas & Pac. Ry. Co. v. Birdwell, 86 S. W. Rep., 1067.

SPEER, ASSOCIATE JUSTICE.—Appellee sued appellants to recover damages alleged to have been sustained by him on account of negligence in handling two cars of cattle, consisting of forty-seven cows, twelve yearling heifers and fourteen veal calves, shipped from Albany, Texas, to Kansas City, Missouri. There was a trial before a jury, re-

sulting in a verdict and judgment in favor of appellee for $429.64, from which judgment this appeal has been perfected.

Upon the trial the appellee introduced in evidence the depositions of the witness A. W. McCowen, who testified that he was the salesman of the Lee Livestock Commission Company, and that, as such salesman, he sold the cattle involved in this case on June 8, 1904, at Kansas City, Missouri. The following interrogatory was propounded to him: "4. Please make and attach to your answers a true and correct copy of the account of sales, showing the number of cattle sold; to whom sold; the prices for which they were sold; their weight and total receipts, and mark in some way for identification, stating the same is true and correct." To this he answered: "I have attached to my answers a true and correct copy of the account of sales showing the data requested. I will sign name in full across account of sales, so that I may be able to identify it." He was then asked: "5. If you weighed said cattle, give their weights." He answered: "Cattle were weighed by the Kansas City Stockyards Company, disinterested parties. Account of sales will show their weights." These interrogatories and answers were read in evidence, and appellee, over the objections of appellant, was allowed to read in evidence to the jury the copy of the account sales referred to by the witness. We think it quite clear that the account sales can not be treated as original evidence in this case, but is subject to the objection that it is hearsay testimony. (International & G. N. R. R. Co. v. Startz, 8 Texas Ct. Rep., 615.) This case does not fall within the well-recognized rule that memoranda, made at or about the time a transaction takes place, are admissible in evidence where it is shown that the witness then knew the statements contained in the paper to be true. In such a case, while witness may not be able to testify from memory, yet the instrument itself, when accompanied by his testimony to the above effect, possesses such evidentiary force as is now recognized by nearly all the courts throughout the country. Here, however, the witness McCowen does not undertake to say that the account sales within his knowledge presented a true and accurate statement of the matters contained in it, but only that the paper attached to his answers is a true and correct copy of the original, and that it shows the data called for in the interrogatory. The evidence should have been excluded.

Since the case must be reversed for the error above discussed, it is not necessary for us to decide whether or not appellants' fifth assignment of error presents reversible error. We will remark, however, that it is extremely doubtful if there is sufficient evidence to show the market value of the cattle on June 6, the day when it is alleged they should have reached their destination and been sold.

It is insisted by appellee that the cause should not be reversed for the admission of illegal testimony as to weights and prices, for the reason that these items were indisputably shown by other testimony, and in this connection we are cited to a list of sales contained in the Daily Drovers' Telegram of June 8, showing, among others, forty-six cows belonging to appellee, giving their weights and prices. While the list also contains an account of sales of heifers and calves, there is nothing to indicate with any degree of certainty that appellee's heifers and

calves were included. Neither the number, weight nor price corresponds with appellee's cattle.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*