TEXAS & PACIFIC RAILWAY COMPANY v. E. J. LEGGETT.

Decided November 24, 1906.

**1.—Sale of Cattle—Price—Evidence.**

A witness for the plaintiff as to the prices at which certain cattle were sold by a commission company admitted, on cross–examination, that he testified from records kept by the company, which records were made by a clerk of the company upon information furnished by the witness, that he was obliged to consult said records, and that he only knew that said records were correct because the clerk who made them was entrusted with that duty.   Held, the testimony should have been excluded on objection that the witness was not testifying from his own knowledge, but from records not made by the witness.   Texas & P. Ry. Co. v. Leggett (12 Texas Ct. Rep., 919) followed.

**2.—No Issue—Evidence.**

Where there was no evidence that cattle shipped to market failed to arrive in time to get a "fill" before being weighed, it was error to admit evidence as to the increase of weight by a "fill."

**3.—Supposititious Case—Error.**

Where the weight of calves included in a shipment of cattle was agreed upon, it was error to admit testimony as to the shrinkage during transportation of calves of a different weight.

Appeal from the County Court of Mitchell County.   Tried below before Hon. W. B. Crockett.

*Ed. W. Smith,* for appellant.

*Thurmond & Sandusky,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is a suit instituted by appellee against appellant to recover damages for negligence resulting in injury to a shipment of cattle.   From a judgment against it in the sum of $103.27 the defendant has appealed.

On the trial the witness Daggett was permitted to testify in behalf of the plaintiff that of the shipment twelve calves sold at $2.40 per cwt., two cows for the sum of $2.50, and one cow for the sum of $1.50.   To the introduction of this testimony appellant objected for the reasons "that said witness was not testifying as to said facts of his own knowledge, but from records, and that such records were not made by the witness

but by some one else, and that said testimony had been held by the Court of Civil Appeals for the Fourth Supreme Judicial District to be inadmissible." And for the purpose of supporting its objection, appellant introduced before the court the following answers of the witness to cross interrogatories propounded to him: "I am testifying from records which are kept by the North Texas Live Stock Company, which records were made by a clerk in the employment of said company upon information furnished by me, and I am obliged to consult said records and am testifying from said records, a copy of which is attached to my depositions; John F. Grant made out the records referred to on information furnished him by me as salesman. As to how I should know that said records are correct, I can only say that John F. Grant is entrusted with that duty, the same as I am with selling the cattle, and there would be no occasion for misrepresentation on the part of either of us." We think the objections made should have been sustained. We can not distinguish this from the question of law decided as to the same point upon the former appeal of this case to the Court of Civil Appeals of the Fourth Supreme Judicial District. (Texas & P. Ry. Co. v. Leggett, 12 Texas Ct. Rep., 919. See also Ft. Worth & R. G. Ry. Co. v. Cauble, 15 Texas Ct. Rep., 93.) The fact that there was an agreement with reference to the weights of the cattle could not affect the error of admitting illegal evidence upon the material point of the prices at which they sold. The same error was committed with reference to the testimony of the witness Thomas. In neither instance does the witness attempt to say that he knows or ever knew that the records were correct, but at most, only that he believes them to be correct because of his confidence in the integrity of another, who made them. The cross examination indicates clearly that the witness was attempting to reproduce the contents of a record, as to the correctness of which he would not vouch.

Our examination of the statement of facts has failed to disclose that any witness testified that the cattle involved did not reach their destination in time to get a "fill," or that they in fact failed to get such "fill" before they were sold, and it was therefore error to permit the witness Coggin to testify as an expert that a cow weighing seven hundred and twenty-five pounds "will take a fill of from fifteen to twenty-five pounds." It was also error to permit the same witness to testify that calves weighing from three hundred and forty to three hundred and fifty pounds each, transported as the calves involved were, would depreciate in weight from fifteen to twenty pounds, since the agreement in the record shows that the calves were not of those weights, but that they weighed from three hundred and three to three hundred and six pounds each. Proper objections were interposed to the testimony of this witness and should have been sustained.

Other assignments are overruled, but for the errors discussed the judgment is reversed and the cause remanded.

                                        *Reversed and remanded.*