## RANDLE v. BARDEN.

(Court of Civil Appeals of Texas. Dallas. March 7, 1914.)

1. JUDGMENT (§ 956*)—RES ADJUDICATA—ISSUE NOT DECIDED.

Where it appears from the pleading and judgment in a former suit that recovery was sought on two causes of action, one for possession of property, and the other for its detention, and the judgment disposes of one and is silent as to the other, it is prima facie an adjudication that plaintiff therein was not entitled to recover on the other, in the absence of pleading and proof showing that before judgment he withdrew one of the issues or the court refused to decide it; and the applicability of this rule is not affected by a recital in the judgment "that plaintiff was entitled to the relief prayed for."

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1822–1825; Dec. Dig. § 956.*]

---

**2. EVIDENCE (§ 138\*)—RELEVANCY—SIMILAR FACTS AND TRANSACTIONS.**

In an action for work done, defended on the ground that the charges were excessive and the work inefficient, evidence that similar work done by plaintiff for others was inefficient and the charges excessive is inadmissible as tending to show a general course of dealing similar to facts alleged.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 414, 414½; Dec. Dig. § 138.\*]

**3. EVIDENCE (§ 376\*)—ACCOUNT—COMPETENCY OF WITNESS.**

The correctness of an account for supplies and labor on an automobile cannot be proved by a witness who did not make the entries, and who neither claimed nor had any personal knowledge thereof.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1628–1646; Dec. Dig. § 376.\*]

**4. EVIDENCE (§ 376\*)—ACCOUNT—COMPETENCY OF WITNESS.**

Neither could the correctness of such account be proved by a witness whose testimony is based on the fact that he was superintendent of the shops where the car was repaired, and that the time slips from which entries were made were made out and signed by men under him, who actually did the work, delivered to the witness, and by him in turn delivered to the office.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1628–1646; Dec. Dig. § 376.\*]

**5. EVIDENCE (§ 377\*)—ACCOUNT—TIME SLIPS.**

Time slips made by mechanics repairing an automobile could only be admitted on their testimony as to their accuracy, in a case where the shop books in which they were entered or the bookkeeper are not available, and it was error to admit them on the testimony of the foreman, identifying them as the slips turned over to him for delivery to the office, though, if he had signed them and made the other necessary preliminary proof, they would have been admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1647; Dec. Dig. § 377.\*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by E. T. Barden against E. T. Randle. From a judgment for plaintiff, defendant appeals. Reversed and remanded for a new trial.

Allen & Flanary, of Dallas, for appellant. Hiram F. Lively and Jeff D. Stinson, both of Dallas, for appellee.

RASBURY, J. Appellee sued appellant in the court below on an account or claim for $445.39, alleging that the Olds-Oakland Auto Company, a private corporation, had, at appellant's instance, furnished the supplies for appellant's automobile and made the repairs thereon, enumerated in said account, which appellant refused to pay, and which said account appellee alleged he had acquired, together with the business of the Olds-Oakland Auto Company, for value, and hence entitled to sue thereon.

Appellant contested the suit on the ground that the charges for the work done on the car were excessive and the work inefficient and the car in a worse condition when delivered back to appellant than when received by appellee's assignor, and for that reason no liability existed at law. Appellant further alleged in effect, by plea in reconvention for damages, that appellee's assignor had unreasonably detained his car and thereby deprived appellant of its use, for which he sought damages. Appellee, in response to that portion of appellant's answer seeking to recover damages, alleged by supplemental petition that said claim had been previously adjudicated by suit in one of the district courts of Dallas county between the same parties, and for that reason could not be urged in the pending suit.

There was a trial by jury. To the jury the court submitted for their determination upon the evidence adduced all defenses urged by appellant, save the claim for damages for the unreasonable detention of his car, on which issue the court instructed a verdict for appellee. Under the recited instructions, the jury returned a verdict for appellee for $251.29, with interest followed by like judgment, from which this appeal is taken.

[1] The first assignment of error complains of the refusal of the court to permit appellant to prove the unreasonable detention of his car by appellee's assignor and the resultant damages; the action of the court being based upon the plea of res adjudicata. At the same time, or prior to the time appellant offered the proof recited, it was shown that appellant, in a suit in the district court against appellee and Olds-Oakland Auto Company and one H. C. Gydeson, had sought to recover damages for such detention and for possession of his car. The judgment in that case, as it affects the issue here tendered, recites that appellant "was entitled to the relief prayed for," and then awards judgment for appellant for possession of his car. It does not appear from the judgment whether the claim for damages for detaining the car was urged or proof offered, or whether same was specifically withdrawn or abandoned by appellant. The judgment is altogether silent on that question. In reference to such matters, it is now well settled that where it appears from the pleading and judgment in a former suit, offered in evidence upon trial of a pending suit, that recovery was sought upon two causes of action, one, say, for possession of an automobile, and one for damages for detaining same, and the judgment disposes of one of the causes of action and is silent with reference to the other, it is prima facie an adjudication that the plaintiff in such suit was not entitled to recover upon the other cause of action, in the absence of pleading and proof showing that, before the rendition of the judgment, he withdrew one of the issues or that the court refused to decide it. Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77; Davies v. Thompson, 92 Tex. 391, 49 S. W. 215; Trammell v. Rosen (Sup.) 157 S. W. 1161. The pleading and judgment tendered in testimony at trial of

the instant case brings the issue here squarely within the rule announced in the cases cited. The circumstance that the judgment recites "that plaintiff was entitled to the relief prayed for" in no sense varies the applicability of the rule, as contended by appellant. The recitation at most is formal and meaningless, in view of the fact that the judgment specifically awards a recovery upon but one of the asserted causes of action. Nor can it be said, as urged by appellant, that such expression in the judgment indicates an abandonment of one of the remedies sought. It occurs to us if the expression has any significance it is contrary to that contended ·for by appellant, since the "relief prayed for" was both remedies.

[2] The second, third, and fourth assignments of error complain of the refusal of the court to permit appellant to prove by various witnesses under the issue that the work done by appellee's assignor upon his car was inefficient and the charges excessive; in substance that similar work done for them by appellee's assignor was inefficient and the charges excessive; and that they complained thereat and in some instances refused to pay same. Appellant's contention is that the evidence was admissible as tending to show a general course of dealing similar to facts alleged in the instant case. We conclude the testimony was properly excluded. Generally such evidence is not admissible. In some instances, particularly in negligence cases, evidence of similar acts of negligence are admissible as tending to prove knowledge of the very act of negligence complained of in the pending controversy. G., C. & S. F. Ry. Co. v. Rowland, 82 Tex. 166, 18 S. W. 96. It is said, however, in reference to course of conduct or dealing, that proof that a litigant has at another time done an act similar to the particular act complained of is admissible only "whenever, in the opinion of the court, such relevant course of conduct or dealing on the part of a given individual is established as to render its continuance, to the time involved in the issue, probable. * * *" 17 Cyc. 281. The testimony shown by the bills of exception does not tend to bring appellee within the rule cited, but, on the contrary, only tends to establish individual cases similar to those complained of, and does not show such a relevant course of conduct as to enable us to say that such conduct was general and continuing at the time appellant's car was received by appellee. The better and safer rule in such cases is to establish such claims by direct evidence when it can be produced. It does not appear from the record in the instant case that appellant was precluded from proving, by those having peculiar or expert knowledge of such matters, that the work was inefficient and the charges excessive,. or that he offered to do so.

[3] The fifth and sixth assignments of error relate to the admission of testimony. We have said that the suit was to recover the value of certain supplies for and labor upon appellant's automobile. Attached to the petition of appellee was a statement or itemization of the labor and supplies alleged to have been furnished to appellant. Over objections properly preserved, appellee proved by C. F. Gydeson that said account was true, correct, and due, and whereupon the court permitted said account to be introduced in evidence and to be read to the jury. Gydeson, at the time the items of indebtedness in the account were incurred, resided in Houston, and his. knowledge relating to the correctness and accurateness of the claim according to his testimony was derived from daily reports sent him from the Dallas office by appellee's assignor. Gydeson had no personal knowledge concerning the account, nor claimed any. While he did have before him the original "time slips" prepared and signed by the various workmen in the shop at the time the work was done, and in turn delivered by them to the bookkeeper,·from which the original entries in the books were made, yet the witness did not make the entries and had no independent knowledge thereof, and was hence not qualified to testify that they were accurate and correct. It is also stated by counsel for appellee in his brief in this connection that the original books of entry were present in court, but were not available to prove the account for the reason that the bookkeeper could not be secured to testify to their correctness. That fact, when properly proven, would, of course, render admissible the time slips referred to, when supported by the testimony of those who made the entries that they were correct, accurate, and made contemporaneously with the matters to which they referred. The witness, however, according to his own admission, could have no information, except in a secondary manner, concerning the items of the account or the time slips. The fact that he received daily reports at Houston, at the time the work was done, in reference to the business of the Dallas office, imparted to him no information that would·qualify him to testify concerning the correctness of the account. He did not keep the books, nor make entries therein, and of course could not say they were accurately and correctly kept and made contemporaneously with the transactions to which they pertained. The "time slips."ʳ which contained entries made by the workmen, would have been admissible, as we have said, in the absence of the books or the bookkeeper, when identified by such workmen and their correctness or accurateness vouched for by them, but the witness Gydeson, of course,. had no knowledge, other than secondary,. that the entries thereon were accurate, or correct, or that they were made contemporaneously with the time the transactions were· recorded.· Certainly it cannot be maintained

that his testimony evidences any independent knowledge of the transaction, since he very frankly admits his information comes either from reports from the Dallas office to him at Houston, or is based upon the time slips. The rule in reference to such matters is well settled, as illustrated by the following cases: Stone v. Taylor, 27 Tex. 555; Rogers v. O'Barr & Dinwiddie, 81 S. W. 750; I. & G. N. Ry. Co. v. Startz, 42 Tex. Civ. App. 85, 94 S. W. 207; T. & P. Ry. Co. v. Leggett, 44 Tex. Civ. App. 296, 99 S. W. 176; Ft. W. & R. G. Ry. Co. v. Cauble, 41 Tex. Civ. App. 348, 91 S. W. 244; Bouldin v. Atlantic Ricemills Co., 86 S. W. 795.

[4] What we have said in reference to the witness C. F. Gydeson applies with equal force to the witness H. C. Gydeson. The latter bases his testimony to the correctness of the account on the fact that he was superintendent of the shops where the car was repaired, and that the time slips were made out and signed by the men under him, who actually did the work, delivered to the witness; and by him in turn delivered to the office. He admitted being without independent recollection of what work was done upon the car or what parts were placed in the same, but based his testimony upon the time slips and his superintendency of the work.

[5] The seventh assignment of error brings into review the action of the trial court in admitting in testimony various time slips purporting to have been made by the various mechanics performing labor on appellant's car. These slips were identified by the witness H. C. Gydeson as slips signed by employés employed by appellee's assignor, and which were turned over to him and by him in turn delivered to the office of appellee's assignor. The slips were not made by Gydeson, nor signed by him, and the only knowledge he possessed relating to the correctness or accuracy of the same was the facts detailed and the further fact that he was foreman of the employés making the entries. We think it clear that the slips could only be admitted in evidence when tendered by those who made them, and could only support a judgment when supplémented by their testimony that the entries so made were correct, accurate, and were made contemporaneously with the transactions to which they referred. Such testimony is admissible when shop books or the keeper of the books are not available. They are, however, without force or verity, in the absence of the supporting testimony of those who made the entries, and for that reason should have been excluded.

Counsel for appellant urges in his brief that Gydeson actually signed the slips, but an examination of the very meager statement of facts fails to disclose that circumstance. Had that claim been correct and Gydeson made the other necessary preliminary proof, the slips would have been admissible, and when admitted would have been sufficient to support the present judgment.

For the reason stated, it is our duty to reverse and remand the case for another trial not inconsistent with the views here presented.