TEXAS & P. RY. CO. v. CAUBLE et al.
(No. 7968.)

(Court of Civil Appeals of Texas. Ft. Worth.
May 23, 1914. Rehearing Denied
July 4, 1914.)

1. APPEAL AND ERROR (§ 770*) — BRIEFS —
FAILURE TO FILE BRIEFS.

Under rule 41 for Courts of Civil Appeals
(142 S. W. xiv), providing that whatever of the
statements of appellant or plaintiff in error in
his brief is not contested will be considered as
acquiesced in, where appellees filed no briefs,
the statements in appellant's brief would be re-
garded as acquiesced in.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3104, 3106, 3107; Dec.
Dig. § 770.*]

2. EVIDENCE (§ 553*)—EXAMINATION OF EX-
PERTS—HYPOTHETICAL QUESTIONS—ASSUMP-
TION OF FACTS.

In an action for delay in transportation of
a shipment of live stock, evidence as to the ef-
fect of a 24-hour delay was improperly admit-
ted, where there was no evidence of such delay,
since every hypothetical question to an expert
should be based upon a supposed case finding
support in the testimony.

[Ed. Note.—For other cases, see Evidence,
Cent. Dig. §§ 2369–2374; Dec. Dig. § 553.*]

3. EVIDENCE (§ 309*) — DECLARATIONS OF
AGENT—ADMISSIBILITY.

In an action for delay in transporting a
shipment of live stock, evidence that the con-
ductor told the witness that under the rules of
the company 800 tons was the minimum for a
through freight and 1,200 tons for a Red Ball
freight, and that he had over 1,200 tons of Red
Ball stuff, was improperly admitted, in the ab-
sence of any showing that the conductor had au-
thority to bind the company respecting the mat-
ter testified to.

[Ed. Note.—For other cases, see Evidence,
Cent. Dig. § 1162; Dec. Dig. § 309.*]

4. EVIDENCE (§ 317*) — HEARSAY — STATE-
MENTS BY THIRD PERSON.

In an action for delay in transporting a
shipment of live stock, evidence that the con-
ductor told the witness that he sent a message
to the dispatcher asking permission to make his
train a through freight, and that the dispatch-
er refused such permission, was hearsay, and
should have been excluded.

[Ed. Note.—For other cases, see Evidence,
Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

5. CARRIERS (§ 228*) — INJURIES TO LIVE
STOCK—NECESSITY OF SHOWING SIMILARITY
OF CONDITIONS.

In an action for delay in transporting a
shipment of live stock, evidence that the train
containing 16 cars took a siding to wait for a
through freight train with only 13 cars, intend-
ed to show that the carrier was negligent in not
handling plaintiff's cattle as a through ship-
ment, should not have been admitted in the ab-
sence of testimony tending to show similar
conditions, especially where there was nothing
to indicate that the train of 13 cars was not
receiving extraordinary care.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

6. CARRIERS (§ 228*) — INJURIES TO LIVE
STOCK — NECESSITY OF SHOWING SIMILAR-
ITY OF CONDITIONS.

In an action for delay in transporting cat-
tle, evidence as to the time consumed by former
shipments made by plaintiff over defendant's
road should not have been admitted, where the
conditions were not shown to be the same.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

7. TRIAL (§ 243*)—INSTRUCTIONS — CONTRA-
DICTORY INSTRUCTIONS.

In an action against carriers for delay in
transporting a shipment of cattle, an instruc-
tion that the T. company, the initial carrier,
was not responsible for any damage not direct-
ly and proximately caused by its negligence, and
that the T. & P. company was not responsible
for any damage not directly and proximately
caused by its negligence, and another instruc-
tion that, since the T. company was responsible
to plaintiff under its contract of through ship-
ment for delay occurring on any of the connect-
ing carriers if the jury found that the delay oc-
curred on the T. & P., they should find for the
T. company, over against the T. & P., such
amount as they might find in favor of plaintiff
against the T. Company, were contradictory.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 564, 565; Dec. Dig. § 243.*]

Appeal from Shackelford County Court; J.
A. King, Judge.

Action by C. M. Cauble and another
against the Texas & Pacific Railway Com-
pany and another. From a judgment against
it in favor of plaintiffs and the other defend-
ant, the defendant named appeals. Reversed
and remanded in part.

The defendant Morris testified that the
conductor said he sent a message to the dis-
patcher, asking permission to make his train
a through freight, so that he could reach
the morning market with the cattle, and that
the dispatcher replied that he must go ahead
and do his work along the route as original-
ly directed.

Earl Conner, of Eastland, for appellant.
Spell & Sanford, of Waco, and Walter L.
Morris, of Albany, Tex., for appellees.

SPEER, J. C. M. and W. H. Cauble in-
stituted this suit in the county court of
Shackelford county against the Texas Central
Railroad Company and the Texas & Pacific
Railway Company to recover damages for the
alleged failure on the part of the railway com-
panies to exercise ordinary care in the trans-
portation of 139 head of cattle from Albany
to Ft. Worth, resulting in the loss of the
morning market of September 26, 1912. The
defendants answered, the Texas Central Rail-
road Company sought judgment over against
its codefendant, there was a trial before a
jury, resulting in a verdict and judgment for
the plaintiffs against both defendants, and
over against the Texas & Pacific Railway
Company in favor of the Texas Central Rail-
road Company. The Texas & Pacific Rail-
way Company alone appeals.

[1] No briefs have been filed for appellees,
and under rule 41 for the Courts of Civil Ap-
peals (142 S. W. xiv) we are authorized to
consider the statements of the appellant in
its brief as being acquiesced in, and we have,
accordingly, done so.

[2] On the trial the court permitted the
witnesses C. M. Cauble and W. H. Cauble to
testify as to the effect that a 24-hour delay
would have on the cattle shipped from Al-

bany to Ft. Worth over the lines of the defendant companies, and this was objected to on the ground there was no evidence of a 24-hour delay on which to base such hypothetical question. The statement submitted by appellant under the assignment presenting this question shows that no such testimony was before the court, and it was therefore error to permit the witnesses to testify as they did. Every hypothetical question to an expert should, of course, be based upon a supposed case finding support in the testimony. St. L. & S. F. Ry. Co. v. Deane, 152 S. W. 527.

[3, 4] The witness Walter Morris was permitted to testify for the appellees, in which he detailed a conversation with the conductor of the train carrying the cattle in question. He said:

"The conductor told me that the rules of the company were that 800 ton was the minimum for a through freight, and a 1,200 tonnage for a Red Ball freight. The conductor told me that he had over 1,200 tonnage all Red Ball stuff."

According to the statement submitted by appellant there is nothing in the record to show that the conductor had authority to bind the company with respect to the matter involved in this conversation, and the court, therefore, erred in permitting the testimony. St. L., I. M. & S. Ry. Co. v. Carlisle, 34 Tex. Civ. App. 268, 78 S. W. 553. This same witness, Morris, was permitted to detail another conversation with the conductor concerning the sending and receiving of a message to and from the chief dispatcher of the Texas & Pacific Railway Company, which was pure hearsay, and should on that objection have been excluded.

[5, 6] It was also error to permit the testimony of this same witness, to the effect that:

"When we got to the rock crusher a few miles east of Ranger, we took a siding and waited for a freight that they said was a through cattle freight from the West. I got out and counted the cars of cattle on the through freight, and it had 13 cars while we had 16."

This clearly was intended to show that the defendants were negligent in not handling appellees' cattle as a through shipment by showing that a train having less cars was handled as a through shipment. Comparisons should never be permitted in the absence of testimony tending to show similar conditions (T. & P. Ry. Co. v. Good, 151 S. W. 617), and especially in the present case there was nothing to indicate that a train of 13 cars, being handled as a through train, was not receiving extraordinary care. Upon the same principle, that is, that comparisons are not permissible except when the conditions are shown to be the same, it was error to permit the witness C. M. Cauble to testify as to the time consumed by him in former shipments over appellant's line of road. We are inclined to think the first and eighth assignments complain of the admission of evidence which would not have been admissible as against this appellant upon a

proper objection, or at least if the same had been admissible as against appellee, the Texas Central Railroad Company, appellant, would have been entitled, upon a proper request, to a charge limiting its effect as to it. The admissibility of account sales in evidence has been considered in the cases of I. & G. N. Ry. Co. v. Startz, 97 Tex. 167, 77 S. W. 1, and F. W. & R. G. Ry. Co. v. Cauble, 41 Tex. Civ. App. 348, 91 S. W. 244.

[7] The remaining assignments relate to charges given or refused, and all have been considered and overruled. We take occasion, however, here to say that there is a very patent contradiction in the charges submitted by the court on the last trial. In section 4 of the main charge the jury are told:

"You are instructed that the Texas Central is not responsible for any damage, if any, which was not directly and proximately caused by the negligence of the said Texas Central Railroad Company, and the Texas & Pacific Railway Company is not responsible for any damage, if any, which was not directly and proximately caused by the negligence of the said Texas & Pacific Railway Company."

Special charge No. 5, given at the instance of the Texas Central Railroad Company, is:

"You are instructed that since the Texas Central is responsible to the plaintiff under its contract of through shipment for delay, if any, which may have occurred on any of its connecting carriers, now, if you find that the delay did not occur on the Texas Central, but on the Texas & Pacific, you will find for the Texas Central over against the Texas & Pacific such amount as you may find in favor of plaintiff against the defendant Texas Central."

The jury did find over against appellant in favor of the Texas Central Railroad Company for the exact amount of appellees' recovery. No point is made in appellant's brief as to this confusion of charges, but we advert to the same in view of another trial.

For the errors indicated the judgment in favor of appellees against appellant is reversed, but the judgment in favor of appellees C. M. & W. H. Cauble against appellee Texas Central Railroad Company is in no manner disturbed.

Reversed and remanded in part.