PANHANDLE & S. F. RY. CO. v. CURTIS.
(No. 1088.)

(Court of Civil Appeals of Texas.    Amarillo.
Dec. 27, 1916.)

1. EVIDENCE ⊂⊃317(2)—HEARSAY EVIDENCE—
ADMISSIBILITY.

Where a shipper did not accompany cattle, his testimony in an action for damages in shipment that they brought him a certain amount, that 'he was not at the destination and did not see them weighed, but that the commission company stated they weighed a certain amount, and further testimony that one animal which was killed in transit weighed a certain amount at destination, was inadmissible as hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1175, 1192; Dec. Dig. ⊂⊃317(2).]

2. EVIDENCE ⊂⊃593—SUFFICIENCY—IMPROPER
EVIDENCE.

Where there is no evidence to support the judgment save inadmissible 'hearsay evidence, it must be reversed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2430; Dec. Dig. ⊂⊃593.]

3. EVIDENCE ⊂⊃572 — EXPERT WITNESSES —
WEIGHT OF TESTIMONY.

In an action by an inexperienced shipper of live stock for damages in transit, it was not error to permit him to testify as an expert as to the shipment, though his inexperience went to the weight of his testimony, and not its admissibility.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2395–2398; Dec. Dig. ⊂⊃572.]

Appeal from Gray County Court; Siler Faulkner, Judge.

Action by R. J. Curtis against the Panhandle & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Terry, Cavin & Mills, of Galveston, and Hoover & Dial, of Canadian, for appellant. Chas. C. Cook, of Pampa, for appellee.

HALL, J.    [1, 2] Appellee sued appellant for damages to cattle shipped from Pampa, Tex., to Wichita, Kan.    The cattle were sold on the market.    Appellee did not accompany the shipment but over the objections of appellant, he was permitted to testify as to the weight of the cattle and the market price at Wichita.    His testimony is that he did not accompany the shipment; that they brought him $6 per cwt.; that he was not there and did not see them weighed, but he knew what he received for them and what the commission company sent to the bank to his credit; that the commission company wrote him the cattle weighed 33,890 pounds at Wichita; that his knowledge was obtained from that letter and from the account sales sent him by the commission company.    It appears that one animal was killed in transit, and over appellant's objections appellee was also permitted to testify what this animal weighed at destination and what its market value was.    This evidence was all hearsay and should not have been admitted.    Since the facts sought to be proven by appellee were

not established by the testimony of any other witness, the judgment must be reversed. Railway Co. v. Startz, 97 Tex. 167, 77 S. W. 1; Railway Co. v. Cauble, 41 Tex. Civ. App. 348, 91 S. W. 244; T. & P. Ry. Co. v. Leggett, 44 Tex. Civ. App. 296, 99 S. W. 176.

[3] We think the court did not err in permitting appellee to testify as an expert, and his limited experience in the business of shipping cattle to market affected the weight of the testimony, and not its admissibility.

Reversed and remanded.