HOVEY et al. v. ARLEDGE.    (No. 8135.)

(Court of Civil Appeals of Texas. Ft. Worth. March 20, 1915.)

1. EVIDENCE ⬞317—HEARSAY—STATEMENTS BY THIRD PERSONS.

In a shipper's action against railroad receivers for damages to a shipment of cattle from delay, rough handling, etc., testimony of plaintiff that before the shipment reached a point on the line of the initial carrier the conductor told him that he had received a telegram that the receivers of the connecting road had no facilities for taking care of the stock, and of the conductor that he had been notified by telegram from the trainmaster of the initial carrier to the same effect and had communicated such notice to the man in charge of the stock, was hearsay and inadmissible ·to prove that such notice came from the receivers.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. ⬞317.]

2. CARRIERS ⬞228 — CARRIAGE OF LIVE STOCK—RECOVERY.

In a shipper's action against railroad receivers for damages to a shipment of live stock, where there was no competent evidence to show

that any agent of the receivers authorized notice to the conductor of the initial carrier that the shipment could not be received on the receivers' connecting road, and where the damage to the shipment for which judgment against the receivers was given was due in part to the initial carrier's delay, judgment would be reversed and the cause remanded.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. ⬞228.]

3. EVIDENCE ⬞121—RES GESTÆ.

In a shipper's action for damages to stock, declarations of the initial carrier's conductor offered to fix the liability of defendants, the receivers of the connecting carrier and incompetent therefore, were not admissible as part of the res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 303, 307–338, 1117, 1119; Dec. Dig. ⬞121.]

Error from Nolan County Court; John H. Cocheron, Jr., Judge.

Action by T. E. Arledge against S. B. Hovey and another, receivers. Judgment for plaintiff, and the receivers bring error. Reversed and remanded.

H. S. Garrett, of San Angelo, and Douthit & Smith, of Sweetwater, for plaintiffs in error. Beall & Spencer, of Sweetwater, for defendant in error.

DUNKLIN, J.    T. E. Arledge instituted this suit against the Texas & Pacific Railway Company and the receivers of the Kansas City, Mexico & Orient Railway Company of Texas for damages to a shipment of 105 head of cattle and 20 head of horses from Bonham, Tex., to Maryneal. The basis of plaintiff's claim for damages consisted of allegations that the cattle were detained in improperly equipped pens at Bonham, were delayed en route, roughly handled, and transported without feed and water, all of which acts and omissions were charged as negligence resulting in the death of one animal and a depreciation in the market value of the rest. On February 16, 1913, a judgment by agreement was entered in plaintiff's favor against the Texas & Pacific Railway Company for $325, and on March 6, 1914, the suit against the receivers was tried, the trial resulting in a judgment in favor of the plaintiff for $145, from which the defendants have prosecuted this writ of error.

The shipment was over the Texas & Pacific Railway from Bonham to Sweetwater, and from Sweetwater to Maryneal, a distance of some 17 miles, over the Kansas City, Mexico & Orient Railway. The trial was by the court without the aid of a jury, and the following are the findings of fact upon which the judgment against the receivers was based:

"(5) The defendant receivers had notice on January 17th that such shipment was en route and would be delivered to it at Sweetwater, Tex., during the night of said date or early morning of January 18th, and notified the defendant Texas & Pacific Railway Company that it was not prepared to handle said stock, and that by reason of such notification said stock

were unloaded by the defendant Texas & Pacific Company at Baird at about 10 p. m. January 17th, for rest, water, and feed, and left Baird at 8 o'clock a. m. January 18th, arrived at Sweetwater at 1:45 p. m., and were delivered to the defendant receivers at 2 o'clock p. m. the same day. The regular south-bound freight train of the defendant receivers, due at Sweetwater in the early morning of January 18th, left Sweetwater for Maryneal and points south at 11 o'clock a. m. on that day. The stock pens of the defendant receivers at Sweetwater were inadequate in size and arrangement to hold this shipment.

"(6) There was no south-bound freight train out of Sweetwater over said receivers' line until the morning of January 19, 1913. Said live stock were already bruised, tired, and injured when delivered to said receivers and were held in cars on tracks at Sweetwater until about 7:15 p. m. January 18th, when upon the instance of the plaintiff three cars of said stock were taken south by defendant receivers' regular south-bound passenger train, and delivered at said defendants' stock pens at Maryneal, Tex., at about 9 o'clock p. m. that day, such train being unable to handle more than said three cars, one car of said shipment, containing seven head of horses and two cattle, was left at Sweetwater and taken south by the regular south-bound freight train of said defendants the following morning, January 19th, and delivered at their stock pens at Maryneal, at about 6 a. m.

"(7) The defendant receivers' stock pens at Maryneal were without water supply or watering facilities, the nearest sufficient water supply being two miles distant, and by reason thereof none of said stock were watered until the morning of January 19th, when same were watered by plaintiff.

"(8) That the delays at Baird and Sweetwater were due to the defendant receivers being unprepared to receive said stock and handle same at the time delivery thereof would have been made to them by the defendant Texas & Pacific Railway Company, but for the notice given by such receivers to said Texas & Pacific Company as above stated.

"(9) That by reason of said delay at Sweetwater and Baird and the deprivation of water for said stock at Maryneal due to lack of watering facilities in defendants' pens at said point materially aggravated and increased the injuries already sustained by said stock, and additionally damaged said cattle to the amount of $1 per head and said horses to the amount of $2 per head."

[1, 2] Plaintiff, who accompanied the cattle to their destination, testified that before the shipment reached Baird, Tex., over the line of the Texas & Pacific Railway, the conductor in charge of the train stated to him that he, the conductor, had received a telegram, to the effect that the receivers had no facilities for taking care of the stock at Sweetwater, and would not receive them, and that by reason thereof the stock would have to be unloaded at Baird. J. C. Ferguson, the conductor of that train, also testified that before his train reached Baird he received notice by telegraph from the trainmaster of the Texas & Pacific Railway that the stock would have to be unloaded at Baird for feed, water, and rest, as the receivers of the Kansas City, Mexico & Orient Railway were not prepared to handle the stock at Sweetwater for lack of pens, and that witness communicated such notice to the man in charge

of the stock. The receivers objected to all of that testimony, substantially, upon the ground that it was hearsay; but the objection was overruled. We are of the opinion that in such ruling there was error, and as it seems there was no other evidence to show that any agent of the receivers authorized such notice to be given to the conductor of the Texas & Pacific Railway Company's train, and as the court expressly found that the injuries to the cattle for which a judgment was given were due, in part, to the delay at Baird, the judgment must be reversed and the cause remanded. Tex. & Pac. Ry. Co. v. Cauble, 168 S. W. 369; G., C. & S. F. Ry. Co. v. Batte, 107 S. W. 633.

[3] The contention of defendant in error that the declarations of the conductor were admissible under the rule of res gestæ we do not think applicable here, as they were introduced for the purpose of fixing liability upon the receivers and not upon the Texas & Pacific Railway Company

For the reasons indicated, the judgment is reversed, and the cause remanded.