### LUBBOCK MUTUAL AID ASS'N NO. 8 SPECIAL et al. v. VARDEMAN.
(No. 2887.)

Court of Civil Appeals of Texas.   Amarillo.
Jan. 18, 1928.

1. Insurance ⚌668(7)—Evidence held to present issue for jury whether beneficiary when signing application for insured wife knew she had cancer.

Evidence *held* to present issue for jury whether plaintiff beneficiary who signed application for insured wife knew at time of signing application and issuance of policy that wife was afflicted with cancer.

2. Insurance ⚌388(1)—Insurer held not to have waived alleged fraud of husband in signing wife's application knowing she was afflicted with cancer.

Insurance association *held* under facts not to have either waived alleged fraud of husband in signing wife's application for insurance knowing she was afflicted with cancer nor estopped themselves from urging it as a defense.

3. Insurance ⚌56—Officers and directors of mutual association may be liable for paying money to other beneficiaries instead of to plaintiff.

Under proper pleadings and proof, directors and officers of mutual association could render themselves liable to plaintiff beneficiary by paying to other beneficiaries under other policies money out of which plaintiff should have been paid.

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Crosby County; Homer L. Pharr, Judge.

Action by H. H. Vardeman against Lubbock Mutual Aid Association No. 8 Special and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Vickers & Campbell and W. F. Schenck, all of Lubbock, for appellants.

L. A. Wicks and Outlaw & Blackshear, all of Ralls, for appellee.

JACKSON, J. This suit was instituted in the district court of Crosby county, Tex., by appellee, H. H. Vardeman, against the Lubbock Mutual Aid Association No. 8 Special, an unincorporated association, J. A. Ricks, R. C. Burns, A. B. Ellis, W. S. Posey, Dr. M. C. Overton, L. O. Burford, and Elmo Wall.

Appellee alleges that on September 12, 1925, the Lubbock Mutual Aid Association No. 8 Special, hereinafter called the association, issued and delivered to his wife, Mrs. M. E. Vardeman, a policy or certificate of insurance in which he was named as beneficiary, insuring the life of his wife for the maximum sum of $2,500, and providing for a refund of all dues paid on the policy, which is alleged to be the sum of $50; that the association thereby became liable on her death to pay him said sums; that his wife paid or caused to be paid all charges and assessments due and in all things complied with the terms of the policy up to the time of her death, which occurred December 11, 1925; that appellee made and furnished proof of death, as prescribed, and the association, though often requested, has failed and refused and still fails and refuses to pay him the money stipulated for in the policy; that J. A. Ricks, R. C. Burns, A. B. Ellis, W. S. Posey, Dr. M. C. Overton, L. O. Burford, and Elmo Wall, the officers and directors of said association, with full knowledge of the amount due appellee on the policy, paid to other beneficiaries under other policies the money out of which appellee should have been paid. He sought judgment against the association and each of the other defendants in the sum of $3,000, or such part thereof as was due under the terms of the policy, and a writ of mandamus, commanding the officers and directors above named to levy assessment with which to pay appellee the moneys due him.

The association answered by general and special exceptions, general denial, and admitted that it issued the policy sued on, and pleaded that the application for insurance, the Constitution and by-laws of the association, and the policy issued constituted the contract of insurance; that in order for Mrs. Vardeman to become a member of the association and entitled to a policy, she was required to make application in writing either in person or by her agent, and, to be eligible, it was necessary for her to be in good health

at the time her application was accepted and the policy issued. These instruments constituting the contract provided that if false or misleading statements were made to obtain membership and insurance that all the rights under the policy were forfeited and no recovery could be had thereon; that Mrs. Vardeman was not in good health nor in fairly good health at the time the policy was issued, but was afflicted with carcinoma of the uterus or cancer of the womb; that this affliction had so impaired her health that she was not in good health nor average health at the time of the issuance of the policy, and that such affliction continued and was the cause of her death, which occurred December 11, 1925; that the insured and appellee knew that she was not in good health and concealed from the association her personal affliction and misrepresented the condition of her health to the association in order to obtain insurance; that the representations made by appellee that the health of the insured was that of an average person, and that Dr. Haney had been their physician but had merely prescribed for minor troubles of indigestion, and that she had no affliction of a serious nature, were untrue; that these misrepresentations were warranties and relied on by the association and but for which it would not have accepted the application and issued the insurance policy; that the association first learned that the insured was not in good health at the time her application was made and at the time the policy was issued immediately after the death of the insured; that on learning of such misrepresentations as to the condition of the insured's health, it declined to pay the policy; that it never made any assessments on its members for the purpose of collecting moneys with which to pay the policy.

The appellants other than the association filed a plea in abatement, alleging that the association is purely a mutual aid association, doing a life insurance business under the statute, operated and governed by Constitution and by-laws by which each member is obligated, and that such appellants, together with the other members of the association, are obligated only to pay the beneficiary in any policy the sum of $2 in the event of the death of the insured, and not then unless the association, through its proper authority, demands of each member such payment; that the constitution and by-laws provide that the obligation assumed by the members shall be several and separate; that the association has not notified them of the death of Mrs. Vardeman nor called upon them for the payment of their respective assessments, and the appellee has not sought nor obtained a judgment of the court, adjudging the association liable on the policy.

For answer, these appellants adopted the pleadings of the association.

The appellee, by supplemental petition, alleged that he made true answers to all questions asked him at the time he signed the application of his wife for insurance, advised the association that Dr. Haney was the family physician; that the insured had been treated by him within twelve months, and that the doctor could give any information desired, relative to his wife's health, and that the application was filled in by an agent of the association; that the association agreed to make an investigation and then accept or reject the application for insurance, and that the policy was thereafter issued; that it was the custom of the association to accept members who were not in good health, of which custom he knew, and the association, after the discovery of all the facts relative to his wife's health, accepted the payment of assessments and benefits under the policy and thereby waived any misrepresentations made and is now estopped from urging such as a defense to the policy.

In a trial amendment, the appellee pleaded that each member who joins the association pays in $12.50, $2 of which amount is placed in a trust fund and held by the secretary of the association, and, as need therefor arises, at the direction of the board of directors, the secretary pays out said sum or so much thereof as is necessary for the purpose of paying death claims; that the directors and secretary, after the death of his wife, used this money for the payment of other death claims accruing subsequently to the death of his wife; and that at the time of her death this trust fund amounted to $2,000, and this sum was wrongfully diverted to the payment of other claims, for which diversion the officers and directors of the association are liable to him.

In response to the one issue submitted by the court, the jury found in effect that Mrs. Mary E. Vardeman was in as good health at the time the application was made, September 12, 1925, as the appellee represented her to be. The court found, on the agreement of the parties, that at the time of the death of Mrs. Mary E. Vardeman, there were 855 members of the association in good standing, and that the appellee would have received on the policy the sum of $1,710, plus $8 additional for return of premiums paid, and entered judgment against the association in favor of appellee for the sum of $1,718, and decreed that a writ of mandamus should issue to the president of the association, commanding him to call an assessment on each member for the purpose of enforcing the judgment, and commanding the treasurer to forthwith pay to appellee such assessments when collected. He also found that J. A. Ricks, W. S. Posey, Dr. M. C. Overton, and Elmo Wall were officers and directors of the association and knew that the sum of $1,718 was due to the appellee at the time

of the death of his wife; that there were sufficient funds in the hands of the association to pay said sum; and that since the death of appellee's wife sufficient funds have come to the association with which to pay said sum, and the association, with the consent and under direction of the above-named officers and directors, wrongfully withheld the payment of said money to appellee. On these findings, the court decreed that the appellee recover said sum from the above-named officers and directors, jointly and severally, but that the collection against said officers and directors should be postponed until the assessments directed by the court are collected by the association, and if any of the judgment remains unpaid, execution shall issue against said officers and directors.

The appellants assign as error the action of the trial court in failing and refusing to give to the jury appellant's requested issues, asking, in effect, whether Mrs. Mary E. Vardeman was afflicted or diseased with cancer of the womb on September 12, 1925, and, if she was so diseased, did appellee have any knowledge thereof.

The testimony discloses: That about May 12, 1925, at the request of appellee, Dr. E. L. Haney and Dr. W. R. Moore made an examination of the physical condition of appellee's wife, and, in the opinion of the physicians, she was, at that time, suffering with cancer. The physicians advised the appellee to take his wife to a clinic or sanitarium for further examination: That on June 24, 1925, the appellee entered his wife in the Scott and White Hospital at Temple, Tex., where she remained until July 7th thereafter; that on August 15, 1925, she was returned to the hospital and remained there until August 26th thereafter; that her affliction was diagnosed by the physicians at the Temple hospital as cancer of the womb on June 24, 1925, the date she first entered the hospital. The record is uncontroverted that this affliction was pronounced the cause of her death on December 11, 1925.

[1] The evidence is, without substantial contradiction, that the wife of appellee was afflicted with cancer at the date he made application for insurance on her life and the testimony of Doctors Haney and Moore is to the effect that they advised him of this condition in May, and the testimony of Dr. Brindley, a physician at the Scott and White Hospital at Temple, Tex., tends to show that in June, 1925, he advised appellee that his wife was afflicted with cancer. The appellee denies that the physicians informed him that his wife was afflicted with cancer or suffering from any serious ailment. We shall refrain from giving further details of the testimony bearing on the issue of appellee's knowledge of his wife's condition at the time he signed the application and the policy was issued; but the above is suffi-

cient to present an issue of fact for the determination of the jury.

The policy provides that the application and the constitution and by-laws constitute a part of the contract of insurance, and stipulates:

"If the insured shall * * * make any material misstatement of age or health, the liability of this association shall be limited to the total amount of the calls paid by the insured, and no more."

The application signed by appellee for the insurance reads as follows:

"1565. Paid. A Local Mutual Aid Association application. Lubbock Mutual Aid Ass'n No. 8. Date, 9-12-1925. Age 50. Date of birth, Feb. 24, 1875. Address, Ralls, P. O. Box No. 243. Occupation, Hwf. Beneficiary, H. H. Vardeman. Relation of beneficiary, Hs. Physician, Dr. Haney. Have you been treated by a physician in the last 12 months? Yes. For what cause? Not serious. Are you contemplating an operation or change of climate on account of health? No. Are you now in good health? Yes, fairly. Collect dues by signing my name to check on Sec. St. Bank. A misrepresentation of age or health, or suicide within 12 months from date renders this application null and void. Applicant, Mrs. M. E. Vardeman. Recommended by Off."

The constitution and by-laws provide:

"Should any person make a false or misleading statement as to the age or condition of health in his application to obtain insurance from this association, such member shall forfeit all rights or claims to any sums, by reason of any certificate of membership held by him in this association."

[2] The appellants pleaded as fraud misrepresentations made by appellee relative to his wife's health. If the appellee was informed that his wife was afflicted with cancer, which is admittedly a malignant trouble, and withheld such information, the issue of fraud was presented by the testimony. Gorman v. Jefferson Standard Life Insurance Co. (Tex. Civ. App.) 275 S. W. 248; Southern Surety Co. v. Benton (Tex. Com. App.) 280 S. W. 551. Should a jury find that appellee was advised of his wife's condition prior to making such representations, this would establish appellants' defense. The appellants had, under the facts revealed in the record, neither waived fraud nor estopped themselves from urging it as a defense. Bounds v. Home Mutual Life & Accident Association No. 1 (Tex. Civ. App.) 290 S. W. 553.

[3] Appellants challenge as error the action of the court in issuing a writ of mandamus against the officers and directors of the association and rendering personal judgment against them for the recovery of any balance that the association failed to pay. Inasmuch as the case is reversed, it is improbable that on another trial these questions will arise, as they appear in this record, for which reason we deem it unnecessary to discuss them in detail. Under proper pleadings and proof, the directors and officers of the company could render themselves liable to the appellee. Waco Mutual Life & Accident Insurance Ass'n v. Alford (Tex. Civ. App.) 289 S. W. 93.

The judgment is reversed, and the cause remanded.