## CROWDER v. NATIONAL LIFE & ACCIDENT INS. CO., INC., OF NASHVILLE, TENN.

### No. 10140.

Court of Civil Appeals of Texas. Galveston.
Dec. 5, 1935.

Rehearing Denied Jan. 30, 1936.

Sewell, Taylor, Morris & Garwood, Bailey P. Loftin, J. P. Markham, Jr., and Larry W. Morris, all of Houston, for appellant.

Battaile & Burr, of Houston, for appellee.

GRAVES, Justice.

This appeal by Mrs. Crowder is from a judgment rendered below, after a trial on special issues before a jury, whereby she was denied any recovery at all in her suit against the Insurance Company for double the face value of an insurance policy it had issued on the life of her deceased husband, pursuant to this provision therein contained: "Upon receipt of due proof that the insured after attainment of age 10 and prior to the attainment of age 70 has sustained bodily injury, solely through external, violent and accidental means, occurring after the date of the policy, and resulting in the death of the insured within ninety days from the date of such bodily injury while the policy is in force, and while no premium is more than four weeks in arrears, the company will pay, in addition to any other sums due under the policy and subject to the provisions of the policy, a benefit for death by accidental means equal to the face amount of insurance stated in the policy."

The fact issues submitted, together with the answers thereto, were as follows:

"No. 1. Do you find from a preponderance of the evidence that H. B. Crowder, deceased, sustained bodily injuries resulting in his death, solely through external, violent and accidental means?"

Answer: "We do."

"No. 2. What sum of money do you find to be a reasonable fee for the services rendered and to be rendered by plaintiff's attorneys, Bailey P. Loftin and Larry W. Morris, in representing plaintiff in this case?"

Answer: "$325.00."

"No. 3. Do you find from a preponderance of the evidence that Walter B. May killed H. B. Crowder in self-defense, as that term is herein defined to you?"

Answer: "We do not."

"No. 4. Do you find from a preponderance of the evidence that on February 2, 1932, H. B. Crowder's occupation was a farmer?"

Answer: "We do not."

"No. 5. Did the said H. B. Crowder know that his answer to the effect that he was a farmer was false?"

Answer: "No."

"No. 6. Was such misrepresentation 'material to the risk' as that term is herein defined?"

Answer: "No."

"No. 7. Do you find from a preponderance of the evidence that H. B. Crowder's occupation the year immediately preceding the date of the application for the policy was that of a farmer?"

Answer: "We do not."

"No. 8. Did H. B. Crowder know his answer, to the effect that his occupation for the preceding year was farming, was false?"

Answer: "Yes."

"No. 9. Was such misrepresentation 'material to the risk' as that term has herein been defined to you?"

Answer: "No."

"No. 10. Do you find from a preponderance of the evidence that H. B. Crowder answered questions 19 and 20 in his application for insurance as he did for the purpose of deceiving the Insurance Company, and inducing it to issue a policy which it would not have otherwise issued?"

Answer: "We do not."

The court's judgment in his verbis was this: "Be it remembered that on this the 23rd day of December, 1933, came on to be heard and considered motions of the respective parties to enter judgment in their respective favors, after the rendition of the verdict of the jury; and the court after hearing the same, and the arguments thereon, being of the opinion that judgment should be entered for the defendant, and that the motion of the plaintiff filed herein should be denied; it is therefore ordered, adjudged and decreed by the court that plaintiff, Phoebe L. Crowder, take nothing by her suit against the defendant, National Life & Accident Insurance Company, and said policy of insurance declared upon in this suit is hereby annulled and declared void, and it is the further order and decree of this court that all costs herein be taxed against the plaintiff, for which the clerk may have his execution."

Mrs. Crowder, as the beneficiary of her husband, sued for the double recovery provided for in the quoted declaration of the policy on the theory that her husband had met his death with all the conditions existent as specified in the quoted excerpt, and that all of the other provisions of the policy had been complied with; aside from the controversial questions embodied in the special issues, it seems to undisputedly appear that her husband had been shot and killed by one W. B. May while the policy was in good standing, with all premiums paid, and that prior to the filing of the suit the Insurance Company had tendered her the $750 face amount called for therein as for a full settlement of its liability thereunder, it contending that the double indemnity provision was not applicable; in court, however, the company defended her subsequent suit on the policy by setting up these two defenses: (1) That the death of the insured was not accidental, but the result of the unlawful act and conduct of the insured, and that the insured had been killed by May while acting in self-defense; (2) that the insured had answered two questions in the application for the policy to the effect that he was by occupation a farmer, and that he had been engaged in farming during the year next preceding the application, and that these representations were false and were fraudulently made to induce the company to issue the policy, and that the company would not have issued the policy had it known such representations to be false.

In this court appellant inveighs against' the judgment so rendered, contending that all the issues submitted to the jury having been material ones, the trial court erred in entering its judgment contrary to the verdict of the jury thereon, in the absence of the express conditions laid down in amended R.S. art. 2211 (Vernon's Ann.Civ.St. art. 2211), as to which the rule of strictissimi juris applies.

The controlling specification under this presentment is to the effect that, since the appellee made no motion to enter judgment in its behalf, no motion to render judgment for it notwithstanding the verdict, and no motion to disregard any special issue jury findings as having no support in the evidence, the court was wholly without the power to disregard the verdict and render judgment in its behalf anyway.

The trouble with this proposition is that the quoted judgment itself contains a recital to the contrary, in that it affirmatively states that the court heard and considered motions of both parties

"to enter judgment in their respective favors," and in the absence of anything elsewhere in the record in any manner impeaching that recitation, it is conclusive and binding upon this court; 25 Texas Jurisprudence, pars. 319, 328, 330, 332, and footnote cited authorities; especially is this true, since the record discloses that appellant made no motion nor request in the court below for any correction or amendment of the judgment as rendered; wherefore, she cannot in this court impeach it merely by her own statement that no such motion was made by the appellee below, although such a motion does not appear in the transcript of the record brought to this court; the record, therefore, being silent as to any contradiction of the recital in the judgment itself, that recital remains conclusive. 25 Texas Jurisprudence, par. 234, and cited authorities.

There being nothing whatever in the record to the contrary, this court must in consequence assume that a proper motion after reasonable notice—in all essentials as prescribed by amended R.S., art. 2211—was made, otherwise the court would neither have acted non obstante veredicto nor so recited that it had been done after considering a motion made by the appellee with that objective.

So that, the cause is reduced here to one of whether or not an instructed verdict in the appellee's favor would have been a proper one on the facts; it had moved for that relief at the close of the evidence, which the trial court refused, and that position has been reiterated by it through a cross-assignment filed and urged on this appeal.

When the evidence is looked to, it seems clear that not only would a directed verdict have been proper, but, further, that it was required in the circumstances; hence, having mistakenly erred ad interim in overruling the appellee's motion for that action, the trial court, after the verdict came in, remedied that inadvertence by disregarding all contrary special issue jury findings for the lack of any support in the evidence and granting the appellee the same relief anyway by the rendition of the final judgment in its favor, all in accord with the authority granted by amended R.S., art. 2211.

It would serve no necessary purpose to here detail or even recapitulate all the evidence in the record supporting this conclusion, because the clear effect of it as a whole establishes conclusively, if not undisputedly, this situation: The insured represented in his application for the policy of insurance involved that at the time of such application his occupation was farming, had been all his life; and specifically during the preceding year; that such representations were false, were known by insured to be false when made, and that they were made for the purpose of inducing appellee to issue the policy; that they were material and affected the risk assumed; that appellee issued its policy thereon, having no other information on the subject at the time, and that, with knowledge of the true facts, it would not have issued any policy upon the terms of the one issued.

It follows that the contrary of the jury's findings that the insured did not know that he was not a farmer, and that neither that answer nor his further false one, to the effect that his occupation for a year preceding his application for the policy in suit had been farming, was material to the risk assumed by the Insurance Company, was established as a matter of law; indeed, the application referred to, which was signed by the insured and pursuant to which the policy involved was issued, contained this representation: "I hereby apply for insurance for the amount herein named, and I declare that the answers to the above questions are complete and true, and were written opposite the respective questions by me, or strictly in accordance with my direction. I agree that said answers, with this declaration, shall form the basis of a contract of insurance between me and the National Life and Accident Insurance Company, and that the policy which may be granted by the company in pursuance of this application shall be accepted subject to the conditions and agreements contained in such policy. I further agree that no obligation shall exist against said company on account of this application, although I may have paid premiums thereon, unless said company shall issue a policy in pursuance thereof and the same is delivered to me."

█ Since, as stated, there was no substantial dispute in the testimony as to his occupation during all of the material time referred to having been entirely different from what he thus represented it to be in the application, it not only passes human credulity that he did not know it to be so contrary at the time, but the holder

of this policy must be held to be estopped by this signed provision in his application therefor from asserting the contrary; as concerns the materiality to the risk of this false statement as to his occupation, the evidence, through the qualified witnesses, Bayliss and Bullock, to the effect that they were directly material and that but for their reliance thereon, the Insurance Company having in issuing the policy no other information on the subject, the policy upon the terms of the one granted on this application would never have been issued, is not even controverted in any respect.

Such being the facts, the rule stated in First Texas Prudential Insurance Company v. Pedigo (Tex.Com.App.) 50 S.W.(2d) 1091, 1092, to the effect that "a recovery on a life policy can be defeated because of a misrepresentation contained in the application, which is material and affects the risks assumed," directly applies here; not only so, but the trial court's definition in this case, in submitting the special issues, of what is a material representation, that is, "a material representation to be 'material to the risk' is such a representation as would induce the insurance company to decline the insurance altogether, or demand the payment of a higher premium, or refuse to issue a policy with special benefits or privileges," also fits the stated facts in this instance; other authorities to the same effect are Couch on Insurance, section 829, and Gorman v. Jefferson Standard Life Insurance Company (Tex.Civ.App.) 275 S.W. 248, 249.

From these conclusions it follows that the judgment of the learned trial court should be affirmed; it will be so ordered.

Affirmed.